J-S41039-20 & J-S41040-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| BRANDON LEE HORTON, | : | |
| | : | |
| Appellant | : | No. 2027 MDA 2019 |

Appeal from the Judgment of Sentence Entered November 12, 2019
in the Court of Common Pleas of Fulton County
Criminal Division, at No(s): CP-29-CR-0000248-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| BRANDON LEE HORTON, | : | |
| | : | |
| Appellant | : | No. 2028 MDA 2019 |

Appeal from the Judgment of Sentence Entered November 12, 2019
in the Court of Common Pleas of Fulton County
Criminal Division, at No(s): CP-29-CR-0000235-2018

BEFORE:   KUNSELMAN, J., MCCLAUGHLIN, J. and STRASSBURGER, J.*

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MAY 12, 2021**

Brandon Lee Horton appeals from the judgments of sentence imposed after he pleaded guilty to theft by unlawful taking and possession of a controlled substance[1] at docket number CP-29-CR-0000235-2018, and receiving stolen property, firearms not to be carried without a license, and two counts of theft from a motor vehicle at docket number CP-29-CR-

_____

[1] 18 Pa.C.S.A. § 3921(a) and 35 Pa.C.S.A. § 780-113(a)(16), respectively.

*Retired Senior Judge assigned to the Superior Court.

0000248-2018.[2]   At each docket number, Horton's counsel has filed a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We dispose of both appeals in this memorandum, wherein we affirm the judgments of sentence and grant counsel's petitions to withdraw.

In 2018, Horton stole firearms, money, and personal property from multiple vehicles belonging to other people, resulting in 26 counts charged against him at two docket numbers.[3]  On October 8, 2019, one month before both cases were scheduled for trial, Horton pleaded guilty to a subset of those charges as referenced above.  As part of the plea, Horton and the Commonwealth agreed upon an aggregate sentence of 92 to 204 months of imprisonment and a deferred sentencing date.[4]  The trial court accepted the plea and, in Horton's presence, scheduled the sentencing hearing for November 12, 2019.  Horton did not appear for the sentencing hearing. Therefore, he was sentenced *in absentia* in accordance with the plea agreement.

A bench warrant was issued for Horton's arrest on the same date.  He remained a fugitive during the period for filing a post-sentence motion, and

---

[2] 18 Pa.C.S.A. § 3925(a), 18 Pa.C.S.A. § 6106(a)(1), and 18 Pa.C.S.A. § 3934(a), respectively.

[3] Horton was not the only perpetrator; Wayne Eugene Brant, Jr. also was charged. Brant was tried separately.

[4] Horton had been released on nominal bail in July 2019 pursuant to Pa.R.Crim.P. 600(b).

- 2 -

thus a motion was not filed. On December 10, 2019, Horton was found and arrested, and the bench warrant was revoked.

These timely-filed appeals followed. In lieu of concise statements pursuant to Pa.R.A.P. 1925(b), counsel filed statements of intent to file **Anders** briefs pursuant to Pa.R.A.P. 1925(c)(4). The trial court filed identical Pa.R.A.P. 1925(a) opinions at both dockets, declining to address the merits of any claims in light of counsel's intent to file **Anders** briefs.

Thereafter, Horton's counsel filed with this Court identical **Anders** briefs and petitions to withdraw as counsel. Shortly thereafter, counsel filed applications to supplement the records with the transcript from Horton's sentencing hearing. On May 15, 2020, we granted counsel's applications to supplement the records, remanded the cases to ensure supplementation of the records, and *sua sponte* directed counsel to file amended **Anders** briefs and petitions to withdraw once counsel reviewed the transcript. **See Commonwealth v. Vilsaint**, 893 A.2d 753, 758 (Pa. Super. 2006) ("Counsel cannot fulfill the mandates of **Anders** unless he has reviewed the entire record.").

The record supplementation and remand having been completed; counsel's second set of **Anders** briefs and petitions to withdraw, filed on July 10, 2020, are now before us. Horton did not obtain new counsel or file *pro se* responses to counsel's **Anders** briefs.

Before we may consider the issues raised in the **Anders** briefs, we must first consider counsel's petitions to withdraw from representation. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted).

In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Here, counsel has complied with each of the requirements of *Anders*. Counsel indicated that he conscientiously examined the records and determined that an appeal in each case would be frivolous. Further, the *Anders* briefs substantially comport with the requirements set forth by our Supreme Court in *Santiago*. Finally, the records each include a copy of the letter that counsel sent to Horton stating counsel's intention to seek permission to withdraw, and advising Horton of his immediate right to proceed *pro se* or retain alternate counsel and file additional claims. Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Horton's appeals are wholly frivolous.

Counsel identifies two issues of arguable merit, which we have reordered for ease of disposition. First, whether the trial court abused its discretion by denying Horton's motion to continue the plea hearing to seek

- 5 -

new counsel. ***Anders*** Briefs at 8. Second, whether Horton's plea was "knowingly, intelligently and voluntarily made[.]" ***Id.***

In order to address Horton's first issue, we provide the following procedural history. The parties appeared before the trial court on October 8, 2019, for a call of the criminal trial list. Horton was represented by the same court-appointed counsel, Kevin M. Taccino, Esquire, who still represents him on appeal. At the beginning of the proceeding, the Commonwealth indicated it was ready to proceed to trial the following month. Attorney Taccino informed the trial court that Horton was requesting a continuance for "family and personal matters" and wanted to address the court directly. N.T., 10/8/2019, at 2. The following exchange occurred.

> THE COURT: Mr. Horton?
>
> [HORTON]: I'd like to be out just a little bit more, because –
>
> THE COURT: I'm sorry. I can't hear you.
>
> [HORTON]: My mother's health. She has heart problems and her health is slowly going down. And my son, I finally just got a job when I got out of jail and one of you guys let me out on rule 600.
>
> THE COURT: And you what?
>
> [HORTON]: Rule 600, that's how I got out on bail.
>
> THE COURT: Okay.
>
> [HORTON]: I got a job right after I got out and this is the first time my life actually has meaning. So I just want to support my son like a little bit longer.

***Id.*** at 2-3.

Horton's counsel then informed the trial court that there was a pending plea offer by the Commonwealth for Horton's consideration that day. Upon hearing this, the trial court addressed Horton again.

> THE COURT: Mr. Horton, you are requesting to not deal with whether you are responsible for these crimes until some time down the road?
>
> [HORTON]: No, that's not what I'm saying.
>
> THE COURT: Okay. What are you saying?
>
> [HORTON]: I just want to continue working and then I can get a paid lawyer.
>
> THE COURT: You want a different attorney?
>
> [HORTON]: Yeah.
>
> THE COURT: Okay. That's the first I've heard that.
>
> [HORTON]: Yeah. Or how do I do that? A motion?

*Id.* at 3-4.

The trial court obtained the Commonwealth's position on Horton's request to continue the cases to another trial term. The Commonwealth opposed his request, citing the age of the cases, the completion of Brant's trial the previous trial term, and the need for resolution for the multitude of victims. *Id.* at 4-5. The trial court and counsel then observed that his cases had been continued twice due to lack of trial dates, which prompted his release on nominal bail pursuant to Rule 600(b), but that a trial date was available in one month. *Id.* at 5.

The trial court then asked Attorney Taccino, who had represented Horton since the month after the charges were filed against him, whether Horton had ever requested to obtain a different attorney. Attorney Taccino responded, "I think our relationship hasn't always – it's been up and down, but this is the – probably the first time I've heard it." *Id.* at 6. At that point, Horton addressed the trial court, stating that from his perspective, Attorney Taccino "would just walk away from me. Didn't even say anything, just walk away. He would look at his watch the second time I met him and said, it's almost 3:00." *Id.* The trial court denied Horton's request for a continuance, informing him that it was "time to bring these matters to trial." *Id.* at 6-7.

At that point, there was discussion of the plea offer put forward by the the Commonwealth. Attorney Taccino and the district attorney had exchanged emails regarding the plea in advance of the proceeding. The district attorney informed the trial court that it had offered 92 to 204 months of incarceration in the aggregate, noting that it was less than half of the sentence Brant had received after trial. *Id.* at 7. The district attorney stated the offer was still available if Horton wanted to accept it that day. When the trial court asked Horton if he wanted time to discuss the plea with Attorney Taccino, Horton responded, "I mean, how do I go about filing for ineffective counsel?" *Id.* at 8. The trial court told Horton that was something he would have to do after the cases were resolved, and Horton's options were to

accept responsibility today via the plea or proceed to trial the following month. ***Id.*** at 9. Horton then requested to speak with Attorney Taccino, and the trial court recessed the proceeding to allow him to do that. ***Id.***

The proceeding resumed two hours later. At that time, Attorney Taccino informed the trial court that Horton wanted to accept the plea, but they needed more time to go over the written colloquy. The trial court recessed the proceeding again. During the recess, Horton completed a written colloquy in consultation with Attorney Taccino. When the proceeding resumed, Horton pleaded guilty on the record as described ***supra***. The trial court and district attorney administered a full oral colloquy on the record, which included a statement under oath by Horton that he was satisfied with Attorney Taccino's representation of him. ***Id.*** at 9-27. Before the cases adjourned, the trial court informed Horton that it was accepting his guilty pleas and ordering him to return on November 12, 2019 for sentencing. ***Id.*** at 27. As noted above, Horton did not appear at the sentencing hearing.

We bear the following in mind when reviewing the denial of a defendant's request for a continuance.

> The decision to grant or deny a continuance request rests with the sound discretion of the trial court and we will not reverse the decision absent a clear abuse of discretion. This Court will not find an abuse of discretion if the denial of the continuance request did not prejudice the appellant. In order to demonstrate prejudice, the appellant must be able to show specifically in what manner he was unable to prepare his defense or how he would have prepared differently had he been given more time.

***Commonwealth v. Broitman***, 217 A.3d 297, 299-300 (Pa. Super. 2019)

(quotation marks and citations omitted).

In situations where the continuance request was made for the purpose

of obtaining new counsel, we also consider the following.

> Both the Sixth Amendment to the United States
> Constitution and Article I, Section 9 of the Pennsylvania
> Constitution guarantee a defendant's right to counsel. In
> addition to guaranteeing representation for the indigent, these
> constitutional rights entitle an accused to choose at his own cost
> and expense any lawyer he may desire.
>
> However, a defendant's constitutional right to counsel of
> his choice is not absolute and must be weighed against and may
> be reasonably restricted by the state's interest in the swift and
> efficient administration of criminal justice. This Court cannot
> permit a defendant to utilize this right to clog the machinery of
> justice and hamper and delay the state in its efforts to do justice
> with regard both to him and to others whose rights to speedy
> trial may thereby be affected. A defendant's right to choose
> private counsel must be exercised at a reasonable time and in a
> reasonable manner.
>
> In ***Commonwealth v. Prysock***, 972 A.2d 539 (Pa. Super.
> 2009), this Court set forth the following factors to consider on
> appeal from a trial court's ruling on a continuance motion to
> obtain private representation: (1) whether the court conducted
> an extensive inquiry into the underlying causes of defendant's
> dissatisfaction with current counsel; (2) whether the defendant's
> dissatisfaction with current counsel constituted irreconcilable
> differences; (3) the number of prior continuances; (4) the timing
> of the motion for continuance; (5) whether private counsel had
> actually been retained; and (6) the readiness of private counsel
> to proceed in a reasonable amount of time. ***Prysock***, 972 A.2d
> at 543.

***Broitman***, 217 A.3d at 300 (quotation marks and some citations omitted).

In the instant case, when asked to explain why he was requesting a

continuance of the trial until the next term, Horton initially did not list a

desire to obtain private counsel. Instead, he listed his mother's health, desire to work to support his son, and his feeling that his life had meaning as the reasons he wanted "to be out just a little bit more." N.T., 10/8/2019, at 2-3. Eventually, he added the desire to obtain private counsel as an additional reason for a continuance. *Id.* at 3-4.

Even if we assume for the sake of argument that Horton's request for a continuance stemmed from his dissatisfaction with Attorney Taccino, instead of the reasons he listed initially, we agree with counsel that there is no merit to a challenge to the denial of the continuance request. Considering the *Prysock* factors, we note that the trial court's inquiry into the underlying causes of Horton's dissatisfaction with Attorney Taccino could hardly be called extensive. Nonetheless, Horton volunteered the reasons he was dissatisfied with his Attorney Taccino. According to Horton, Attorney Taccino walked away without speaking to him and looked at his watch. This dissatisfaction does not constitute an irreconcilable difference justifying a continuance. *Accord Commonwealth v. Egan*, 469 A.2d 186, 192 (Pa. Super. 1983) (*en banc*) (holding that Egan's alleged dissatisfaction with counsel due to counsel's singular visit to him in prison was not a justifiable reason for a continuance in lieu of proceeding with counsel to plead guilty); *see also id.*, quoting *Morris v. Slappy*, 461 U.S. 1, 11 (1983) ("Not every restriction on counsel's time or opportunity to investigate or to consult with

his client or otherwise to prepare for trial violates a defendant's Sixth Amendment right to counsel.").

Although Horton's request for a continuance was not on the eve of trial, it came after the case had already been continued twice, albeit at the Commonwealth's request. Most significant, however, is that Horton did not have immediate plans to obtain private counsel should a continuance be granted. *See* N.T., 10/8/2019, at 4 ("I just want to **continue** working **and then** I can get a paid lawyer.") (emphasis added). Based on our review of the *Prysock* factors as a whole, we agree with counsel that the trial court did not abuse its discretion in denying Horton's continuance request and there is no merit to Horton's claim to the contrary.

We turn now to the second issue of arguable merit set forth by counsel, which is whether Horton entered his guilty plea knowingly, intelligently, and voluntarily because he entered into the plea following the denial of his request for a continuance to obtain new counsel. *Anders* Brief at 10-15. Counsel asserts that Horton's desire to challenge his plea stems from Horton's consternation over being forced to take the deal that day with Attorney Taccino's assistance or to go to trial the next month. *Id.* at 13. Nevertheless, counsel sets forth two bases for his conclusion that any such challenge to the guilty plea is devoid of merit. First, counsel emphasizes that notwithstanding Horton's dilemma, Horton was aware of the rights he was giving up and stated under oath that he had enough time to speak with

counsel and was satisfied with counsel's representation. *Id.* at 14. Counsel also observes that Horton did not object to the plea at the time of its entry, at sentencing, or in a post-sentence motion. *Id.* at 15.

There is no need to consider counsel's former point, as his latter point is fatal to Horton's claim. To preserve a claim for appeal that an appellant entered a guilty plea involuntarily, the appellant must raise the claim during the plea hearing, the sentencing hearing, or in a post-sentence motion. ***Commonwealth v. Monjaras–Amaya***, 163 A.3d 466, 468-69 (Pa. Super. 2017). The purpose of this rule is to allow the trial court the opportunity to correct its errors in the first instance. ***Commonwealth v. Lincoln***, 72 A.3d 606, 609-10 (Pa. Super. 2013); ***see also*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

In the instant case, Horton did not preserve a challenge to his guilty plea. Although he complained about counsel at the outset of the proceeding, he proceeded to plead guilty with the assistance of counsel and never contended his plea was entered involuntarily. Furthermore, he did not appear at his sentencing hearing and remained a fugitive during the period he could have filed a post-sentence motion challenging his plea. Horton's decision to abscond necessitated his sentencing *in absentia* and forfeited his opportunity to object to his plea in a post-sentence motion. ***See Commonwealth v. Adams***, 200 A.3d 944, 955 (Pa. 2019) ("[W]hen a

- 13 -

defendant absconds, and then returns to the court system, he takes the criminal justice system as he finds it."). Accordingly, Horton's failure to preserve an objection to his plea prevents us from considering on appeal the voluntariness of his plea. *See Monjaras–Amaya*, 163 A.3d at 468-69.

Based upon the foregoing, we agree with counsel that Horton's challenges to the denial of his continuance request and the voluntariness of his plea are frivolous. Moreover, we have conducted "a simple review of the record" and conclude that on the face of this record, there is no "arguably meritorious issues that counsel … missed or misstated."[5] *Dempster*, 187 A.3d at 272. Accordingly, we affirm the judgments of sentence and grant counsel's petitions to withdraw.

Petition to withdraw granted. Judgments of sentence affirmed.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/12/2021

---

[5] We have conducted our review mindful of the fact that "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014).