J-A07025-19

2019 PA Super 247

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SETH BROITMAN | : | |
| | : | |
| Appellant | : | No. 2150 EDA 2018 |

Appeal from the Judgment of Sentence Entered May 18, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0001363-2017

BEFORE:   OLSON, J., DUBOW, J., and STEVENS*, P.J.E.

OPINION BY DUBOW, J.:                          **FILED AUGUST 19, 2019**

Appellant, Seth Broitman, appeals from the May 18, 2018 Judgment of Sentence entered in the Montgomery County Court of Common Pleas after a jury convicted him of Simple Assault and Harassment.[1]  After careful review, we affirm.

A detailed recitation of the factual and procedural history is unnecessary to our disposition.  On December 8, 2016, the Ambler Borough Police Department arrested Appellant and charged him with Terroristic Threats, Simple Assault, and Harassment for threatening to kill his wife while handling a loaded firearm.  On December 5, 2017, the trial court issued an Order scheduling Appellant's trial for February 20, 2018.  On February 15, 2018, five days before trial and immediately before a holiday weekend, Appellant's counsel, David Keightly, Esq., alerted the trial court *via* email that Appellant

_____

[1] 18 Pa.C.S. § 2701(a)(3) and 18 Pa.C.S. § 2709(a)(4), respectively.

_____

*   Former Justice specially assigned to the Superior Court.

wished to hire new counsel. On the day of trial, Appellant requested a continuance so that newly retained counsel could represent him and informed the court that he did not believe Attorney Keightly was prepared for trial, disagreed with Attorney Keightly's advice, and had already hired a new attorney who would be prepared to proceed on March 1, 2018. Specifically, Appellant informed the court that he preferred to proceed to a jury trial and Attorney Keightly had advised him to agree to a bench trial or plead guilty. N.T. Motion, 2/20/18, at 3.

Attorney Keightly motioned the court to withdraw as Appellant's counsel and informed the trial court that Appellant refused to communicate with him over the weekend. *Id.* at 7. Attorney Keightly disagreed that he would have told Appellant that he had to proceed in a certain way and instead stated that he would have counseled Appellant on his options, including a bench trial or guilty plea. *Id.*

The Commonwealth opposed a continuance, informed the trial court that several witnesses were present in court to testify that day, and stated that the Commonwealth would "face witness issues" if the court continued the trial. *Id.* at 8.

The trial court denied Appellant's request for a continuance to retain new counsel and gave Appellant the choice to proceed to trial *pro se* or continue to be represented by Attorney Keightly. Appellant chose to proceed with representation by Attorney Keightly. After a two-day trial, a jury found

- 2 -

Appellant not guilty of the most serious charge of Terroristic Threats, and convicted him of Simple Assault and Harassment.

On May 16, 2018, the trial court sentenced Appellant to an aggregate term of 6 days to 23 months' incarceration followed by 1 year of probation. On May 23, 2018, Attorney Keightly withdrew his appearance. On the same day, Francis M. Walsh, Esq., entered his appearance on behalf of Appellant and filed a Post-Sentence Motion, which the trial court denied.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal: "Did the court err in not allowing defense counsel to withdraw from the case before trial where counsel acknowledged a breakdown in communication with Appellant and the court was aware that present counsel could enter his appearance and be ready to try the case by March 1, 2018?" Appellant's Br. at 3.

Appellant argues that the trial court abused its discretion when it refused to grant Appellant a continuance to obtain new counsel. *Id.* at 7. Appellant also avers that he was prejudiced because of the "breakdown in communication" with Attorney Keightly, and Attorney Keightly failed to call character witnesses on his behalf during trial. Appellant's Br. at 10.[2]

---

[2] Appellant baldy asserts "there is a strong likelihood" that the jury would have acquitted Appellant of all charges with character evidence. Appellant's Br. at 10.

- 3 -

The decision to grant or deny a continuance request rests with the sound discretion of the trial court and we will not reverse the decision absent a clear abuse of discretion. *Commonwealth v. McAleer*, 748 A.2d 670, 673 (Pa. 2000). This Court will not find an abuse of discretion if the denial of the continuance request did not prejudice the appellant. *Commonwealth v. Pettersen*, 49 A.3d 903, 914 (Pa. Super. 2012). In order to demonstrate prejudice, the appellant "must be able to show specifically in what manner he was unable to prepare his defense or how he would have prepared differently had he been given more time." *Commonwealth v. Ross*, 57 A.3d 85, 91 (Pa. Super. 2012) (citation omitted).

Both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution guarantee a defendant's right to counsel. *McAleer*, 748 A.2d at 673. "In addition to guaranteeing representation for the indigent, these constitutional rights entitle an accused to choose at his own cost and expense any lawyer he may desire." *Id.* (internal quotation marks and citation omitted).

However, a defendant's constitutional right to counsel of his choice is not absolute and "must be weighed against and may be reasonably restricted by the state's interest in the swift and efficient administration of criminal justice." *Commonwealth v. Robinson*, 364 A.2d 665, 674 (Pa. 1976) (internal quotation marks omitted). This Court cannot permit a defendant to utilize this right "to clog the machinery of justice and hamper and delay the state in its efforts to do justice with regard both to him and to others whose

rights to speedy trial may thereby be affected." **Id**. A defendant's right to choose private counsel "must be exercised at a reasonable time and in a reasonable manner." **Commonwealth v. Rucker**, 761 A.2d 541, 542-43 (Pa. 2000) (citation and emphasis omitted).

In **Commonwealth v. Prysock**, 972 A.2d 539 (Pa. Super. 2009), this Court set forth the following factors to consider on appeal from a trial court's ruling on a continuance motion to obtain private representation: (1) whether the court conducted an extensive inquiry into the underlying causes of defendant's dissatisfaction with current counsel; (2) whether the defendant's dissatisfaction with current counsel constituted irreconcilable differences; (3) the number of prior continuances; (4) the timing of the motion for continuance; (5) whether private counsel had actually been retained; and (6) the readiness of private counsel to proceed in a reasonable amount of time. **Prysock**, 972 A.2d at 543.

Here, our review of the record reveals that the trial court conducted an inquiry into Appellant's dissatisfaction with Attorney Keightly, which amounted to legal advice that Appellant did not want to accept; Appellant requested the continuance on the eve of trial, which the court had scheduled two months prior; Appellant had already retained new counsel at the time of his request; and new counsel was not immediately ready to proceed to trial. **See id.** Based on these facts, the trial court concluded that postponing the trial would create an undue burden for the Commonwealth's witnesses who were present and ready to proceed, and would have caused "too great of an imposition on both

the Commonwealth and [the trial court]'s already crowded schedule."  Trial Ct. Op., filed 8/24/18, at 4.  The trial court also found that Appellant's request for new counsel and a continuance on the eve of trial was not made within a reasonable time or in a reasonable manner.  *Id.*  Accordingly, the trial court denied Appellant's request for new counsel and a continuance.

The trial court properly weighed Appellant's right to counsel against the Commonwealth's interest in the swift and efficient administration of criminal justice.  *See Robinson*, 364 A.2d at 674.  We find no abuse of discretion in the trial court's denial of Appellant's request for new counsel and a continuance on the day of the scheduled jury trial.  *See Commonwealth v. Novak*, 150 A.2d 102, 109-10 (Pa. 1959) (holding the defendant's request to change counsel on the day of trial was properly denied).[3]

Moreover, Appellant fails to demonstrate prejudice.  Appellant's argument that that he was prejudiced because trial counsel did not call character witnesses lacks merit.  The trial court did not require Appellant to be represented by Attorney Keightly but rather gave Appellant the choice to appear *pro se* or remain represented by Attorney Keightly.  Appellant chose the latter and, as the trial court highlighted, "it should be noted that after such

---

[3] In his Brief, Appellant cites numerous cases to support his argument that the trial court abused its discretion when it denied Appellant's request for new counsel and a continuance.  As Appellant concedes, however, "none of these cases are directly on point." Appellant's Br. at 15.  We agree and decline to discuss them.

representation, [Appellant] was acquitted by the jury on the most serious charge of [T]erroristic [T]hreats." Trial Ct. Op. at 5-6.

In conclusion, the trial court properly weighed Appellant's right to counsel of his choice against the state's interest in proceeding to trial and determined that Appellant's last minute request would burden the Commonwealth, the Commonwealth's witnesses, and the trial court. Appellant failed to demonstrate that he was prejudiced by the trial court's decision. Thus, the trial court did not abuse its discretion when it denied Appellant's request for new counsel and a continuance.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/19