J-S03006-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
JOHN E. LONGENDORFER, III   :
  :
Appellant   :   No. 401 WDA 2019

Appeal from the Judgment of Sentence Entered September 10, 2018
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000784-2017

BEFORE: McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          FILED MAY 27, 2020

John E. Longendorfer, III, appeals from the judgment of sentence entered following his guilty plea to one count of theft by deception-false impression and two counts each of conspiracy and identity theft.[1] He raises an ineffectiveness claim and argues that the trial court improperly denied his continuance requests and should have allowed him to withdraw his guilty plea. We affirm.

The history of this case germane to this appeal is as follows. After the Commonwealth filed charges against Longendorfer, the court appointed counsel. In July 2018, he filed a Motion to Proceed Pro Se/Waiver of Counsel. The trial court did not immediately address the motion and instead scheduled

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3922(a)(1), 903, and 4120(a), respectively.

Longendorfer's trial for September 2018, stating that it would address the motion at jury selection. Id.

On the day of jury selection, the court held a hearing on Longendorfer's motion. Longendorfer told the court, "I want to do a plea bargain with the D.A. on my own. So, yes, I'll represent myself." Defendant's Motion to Proceed Pro Se Hearing ("Pro Se Hearing"), 9/10/18, at 10. The court colloquied Longendorfer and allowed him to represent himself and plead guilty to the above-referenced crimes. The court then sentenced him to seven to 15 years' incarceration. Longendorfer filed a motion to withdraw his guilty plea and a motion to modify his sentence, both of which were denied by operation of law. This timely appeal followed.

Longendorfer raises the following issues on appeal:

1. Whether [Longendorfer's] waiver of his fundamental constitutional right to counsel was not knowingly, intelligently, and voluntarily made and he was in essence forced against his will to proceed pro se by his court-appointed counsel's focus on having him plead guilty coupled with her failure to obtain and properly investigate available evidence of his innocence to present to a jury during trial, which counsel was clearly intent on avoiding, contrary to [Longendorfer's] express wishes?

2. Whether [Longendorfer] was improperly denied his right to meaningfully represent himself and present a robust and complete defense by the trial court's unreasonable denial of his requests for a continuance to secure available evidence that would have established his innocence, which prison officials had in their possession and negligently failed to ship with [Longendorfer] when he was transported to Venango County, Pennsylvania, for trial in this case?

3. Whether the trial court erred and abused its discretion in denying [Longendorfer's] timely filed motion to withdraw his guilty plea where the plea was unlawfully induced by the court's arbitrary and unreasonable denial of his request for a continuance to obtain the evidence of his innocence necessary to enable him to effectively defend himself against the charges?

Longendorfer's Br. at 5-6.

Longendorfer first maintains that he was forced to plead guilty because of the alleged failure of his counsel, Attorney Jeri Bolton, to investigate and obtain exculpatory evidence. This is in substance a claim that guilty plea counsel was ineffective. Ineffectiveness claims are not properly before this Court on direct appeal, and "absent either good cause or exceptional circumstances and a waiver of [Post Conviction Relief Act (PCRA)] review," such claims "must await collateral review." Commonwealth v. Britt, 83 A.3d 198, 203 (Pa.Super. 2013). As this is Longendorfer's direct appeal, and he has not shown good cause or exceptional circumstances, or waived PCRA review, we cannot consider this claim.

Next, Longendorfer claims that the trial court erred by denying his request for a continuance to obtain allegedly exculpatory evidence. He maintains the denial of the continuance had the effect of denying him his right to meaningful self-representation. See Longendorfer's Br. at 5-6.

We review the denial of a continuance for an abuse of discretion. See Commonwealth v. Broitman, 217 A.3d 297, 299 (Pa.Super. 2019). "This Court will not find an abuse of discretion if the denial of the continuance request did not prejudice the appellant." Id. An appellant shows prejudice

- 3 -

where he is "'able to show specifically in what manner he was unable to prepare his defense or how he would have prepared differently had he been given more time.'" Id. at 300 (citing Commonwealth v. Ross, 57 A.3d 85, 91 (Pa.Super. 2012)).

Here, Longendorfer argues that there was evidence of his innocence "which prison officials at SCI-Smithfield had failed to send him when he was transported to Venango County for trial. . . ." Longendorfer's Br. at 34-35. He maintains that because the trial court failed to grant him a continuance, he was "forced against his will to accept the Commonwealth's plea agreement. . . ." Id. at 35. Longendorfer's claim that he was "forced against his will" to enter into the plea agreement contradicts his statements in his written and oral guilty plea colloquies to the contrary. Moreover, he has not informed us of the nature of the allegedly exculpatory evidence that he claims a continuance would have enabled him to obtain. In so doing, he has failed to demonstrate prejudice. Broitman, 217 A.3d at 300. This claim is meritless.

In his third claim, Longendorfer continues on the same theme and maintains that the trial court should have allowed him to withdraw his guilty plea because "the plea was unlawfully induced by the trial court's arbitrary and unreasonable denial of his request for a continuance to obtain the evidence of his innocence necessary to enable him to effectively defend himself after the charges." Longendorfer's Br. at 38. He alleges that "[r]ight after the trial court granted [Longendorfer] leave to proceed pro se, [Longendorfer] was approached by the prosecutor and offered a plea deal."

- 4 -

Id. at. 40-41. "The prosecutor informed [Longendorfer] that he had to decide right then to accept the offered plea deal and that, if he refused, the case would proceed to trial on all the charges. . . ." Id. at 41. He argues that because of this he "found himself the victim of a vicious trial by ambush." Id.

"It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." Commonwealth v. Hart, 174 A.3d 660, 664 (Pa.Super. 2017). "When a defendant seeks to withdraw a plea after sentencing, he 'must demonstrate prejudice on the order of manifest injustice.'" Id. (quoting Commonwealth v. Yeomans, 24 A.3d 1044, 1046 (Pa. Super. 2011)).

Here, Longendorfer failed to demonstrate anything approaching manifest injustice. First, as above, his claim that he was unfairly cornered into pleading guilty by the denial of the continuance fails because he has not identified the allegedly exculpatory evidence that he says he needed a continuance to get. Second, the fact that the prosecutor gave him little time to make the difficult decision of whether to accept the plea deal or go to trial is no reason for us to require the trial court to allow Longendorfer to withdraw his plea. Being put to a hard choice is not manifest injustice.

Third, although he alleges that he asked the court for a continuance to obtain further evidence of his alleged innocence, he nonetheless decided to plead guilty, despite the court's refusal to grant a continuance. The record shows that he willingly pleaded guilty. He told the court during the hearing on the day of jury selection, "I woulda [sic] worked a deal out with the D.A. a

long time ago if he would just sit down and give me the benefit of the doubt on some of the charges." N.T., Pro Se Hearing, at 7. The prosecutor responded that he had visited the prison twice to speak with Longendorfer to convey an offer to him. Longendorfer did not dispute that statement. Instead, he replied, "I want to do a plea bargain with the D.A. on my own. So, yes, I'll represent myself." Id. at 10. The record thus shows Longendorfer willingly moved forward with his plea rather than proceed with trial, despite not getting the continuance. The trial court did not abuse its discretion in denying Longendorfer's motion to withdraw his guilty plea. We affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/2020