J-S32008-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DASHAWN PACKER | : | |
| | : | |
| Appellant | : | No. 711 EDA 2023 |

Appeal from the Judgment of Sentence Entered February 17, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009931-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DASHAWN PACKER | : | |
| | : | |
| Appellant | : | No. 712 EDA 2023 |

Appeal from the Judgment of Sentence Entered February 17, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009932-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DASHAWN PACKER | : | |
| | : | |
| Appellant | : | No. 713 EDA 2023 |

Appeal from the Judgment of Sentence Entered February 17, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009936-2021

BEFORE: LAZARUS, P.J., STABILE, J., and KING, J.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED MARCH 4, 2025**

Dashawn Packer appeals from the judgments of sentence,[1] entered in the Court of Common Pleas of Philadelphia County, after being convicted by a jury of conspiracy to commit murder[2] and two counts of carrying a firearm without a license.[3]  After careful review, we affirm.

The trial court set forth the relevant facts as follows:

The evidence established that [Packer] was a member of a gang operating in West Philadelphia, known as Southside.  On or about November 23rd or 24th, 2018, [Packer] and fellow Southside members were gathered at the home of gang member Curtis Purdie.  Purdie had been the target of an attempted shooting by Northside, a rival gang.  As a result of that attempted shooting, [Packer] and other co-conspirators decided to shoot members of that rival gang.

On November 24, 2018, [Packer] and others travelling in a black Ford Edge SUV encountered DeQuan Collins (a/k/a Cook), as he was walking down the 6000 block of Race Street.  [Packer] fired a gun from the vehicle.

The following day, on November 25, 2018, Keyshawn McClellan and others were gathered outside on the 6000 block of Ludlow Street.  The same Ford Edge pulled up and [Packer] and others exited the vehicle and began shooting at McClellan and others.

---

[1] Packer has complied with ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), by filing separate notices of appeal for each docket number—711 EDA 2023, 712 EDA 2023, and 713 EDA 2023.  ***See id.***, 185 A.3d at 976 ("Where ... one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed.").  Thereafter, On March 27, 2023, this Court *sua sponte* consolidated the appeals.  ***See*** Pa.R.A.P. 513.

[2] 18 Pa.C.S.A. § 1102(c) (docket CP-51-CR-009932-2021).

[3] ***Id.*** at § 6106(a)(1) (dockets CP-51-CR-0009931-2021 and CP-51-CR-0009936-2021).

The vehicle was recovered three days later with the rear window shattered, and bullet strike marks.

There was direct and circumstantial evidence of [Packer's] commission of the crimes of which he was convicted. That evidence included surveillance videos[,] an Instagram account tied to [Packer,] ballistic evidence[,] admissions by [Packer,] testimony (live and by way of prior video statement) by a Northside gang member involved in or present during planning and admissions by [Packer,] and other crime scene evidence (shattered glass and bullet strikes) linking the vehicle to the scene of the November 25th shooting.

Trial Court Opinion, 11/22/23, at 2-3.

Following trial, a jury convicted Packer of the abovementioned offenses. The court sentenced Packer to 10-20 years' incarceration on the conspiracy to commit murder conviction, and to 3½-7 years' incarceration on each of the firearms convictions for an aggregate sentence of 17-34 years' incarceration. Packer filed timely appeals, and both Packer and the trial court complied with Pa.R.A.P. 1925.

Packer raises two issues on appeal:

1. Whether the trial court abused its discretion in refusing to grant a continuance for [] Packer to retain new counsel, where the record shows that the trial court did not balance [] Packer's right to the counsel of his choice against the Commonwealth's interest in the expeditious administration of justice[?]

2. Whether the trial court erred by imposing multiple punishments for one criminal act[?]

Appellant's Brief, at 3.

Packer first claims that the trial court abused its discretion in denying his request for a continuance to retain new counsel because: it did not inquire into Packer's reasons for seeking new representation; it did not explain how

granting the continuance would hamper the swift administration of justice; and because the Commonwealth did not object on the record to a continuance or assert how the grant of a continuance would cause the Commonwealth hardship. Packer further asserts that the court erred because it did not ask Brian F. Humble, Esquire (Attorney Humble), whom Packer sought to retain as his new counsel, how long of a continuance he would require. Finally, Packer claims that the court abused its discretion because it found that the fact that a jury had already been chosen was dispositive in determining a continuance should be denied. *See id.* at 13-14.

The decision to grant or deny a request for a continuance is within the sound discretion of the trial judge and will only be reversed upon a showing of an abuse of discretion. *See Commonwealth v. Zagwoski*, 304 A.3d 791 at *5 (Pa. Super. 2023) (Table) [4]. Our Supreme Court has defined an "abuse of discretion" as:

> [N]ot merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record, discretion is abused. The refusal to grant a continuance constitutes reversible error only if prejudice or a palpable and manifest abuse of discretion is demonstrated.

*See Commonwealth v. Weeks*, 301 A.3d 887 at *6 (Pa. Super. 2023) (Table) (citations and punctuation omitted).

---

[4] *See* Pa.R.A.P. 126(b)(2) (non-precedential opinions of Superior Court filed after May 1, 2019 may be cited for persuasive value).

The Sixth Amendment to the United States Constitution and Article 1, Section 9, of the Pennsylvania Constitution guarantee a defendant's right to counsel. *Commonwealth v. Broitman*, 217 A.3d 297, 300 (Pa. Super. 2019). In addition to guaranteeing representation for the indigent, these constitutional rights entitle an accused to choose, at his own cost and expense, any lawyer he may desire. *Id.* (citation omitted).

Nevertheless, a defendant's constitutional right to counsel of his choice is not absolute and "must be weighed against and may be reasonably restricted by the state's interest in the swift and efficient administration of criminal justice." *Id.*, quoting *Commonwealth v. Robinson*, 364 A.2d 665, 674 (Pa. 1976). A defendant may not utilize his or her right to counsel to clog the machinery of justice or hamper and delay the state in its efforts to do justice with regard both to the defendant and to others whose rights to speedy trial may thereby be affected. *Id.* A defendant's right to choose private counsel "must be exercised at a reasonable time and in a reasonable manner." *Id.*, quoting *Commonwealth v. Rucker*, 761 A.2d 541, 542-43 (Pa. 2000).

In determining whether the denial of a continuance request, to permit the defendant to be represented by the counsel of his choosing, was a violation of the defendant's right to counsel, the Supreme Court of Pennsylvania has stated, "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied."

*Commonwealth v. Mackrides*, 255 A.3d 1269 at *5 (Pa. Super. 2021) (Table), citing *Robinson*, 364 A.2d at 675.

The trial court declined to continue the case as trial was about to commence, jury selection had been completed, witnesses were present, Packer's trial counsel, Matthew Hagarty, Esquire (Attorney Hagarty), was prepared to go to trial, Attorney Humble indicated he was not prepared to go to trial, and Packer provided no allegation of irreconcilable differences with Attorney Hagarty or any explanation why new counsel had not been retained earlier. *See* Trial Court Opinion, 11/22/23, at 6.[5]

Instantly, we conclude that the trial court did not abuse its discretion in denying Packer's request for a continuance so that he could be represented by Attorney Humble. Attorney Hagarty had represented him for more than one-and-one-half years at the time of trial, and Packer provided no indication that he believed Attorney Hagarty was ineffective nor any explanation as to how he would be better served by Attorney Humble.[6] Attorney Humble informed the court that he was not

---

[5] The discussion regarding the continuance request between the trial judge, Attorney Hagarty, and Attorney Humble took place off the record in the robing room, and thus no transcription of the discussion was created. *See id.* at 6. Our analysis is, therefore, constrained to the non-contradictory descriptions of the discussion (or lack thereof) contained in the parties' briefs.

[6] Additionally, Packer's family had, by the time the request was made, only "[t]ried to" retain Attorney Humble to represent Packer. *See* N.T. Jury Trial (Day 1), 11/15/22, at 5.

prepared for trial at the time he requested to be appointed. The trial court had scheduled the trial back in January of 2022, meaning Packer waited almost 10 months to request new counsel on the morning trial was set to begin and provided no explanation as to why he had not made the request sooner. Further, the parties had chosen a jury and the relevant witnesses were present for trial.

While the trial court did not conduct an extensive inquiry into Packer's reasons for seeking to be represented by Attorney Humble and did not state its reasoning for denying the request and weighing of the various relevant factors on the record, there is no "mechanical test" to determine if denying a continuance request constituted an abuse of discretion. ***See Mackrides***, 255 A.3d at *5 (citation omitted); ***but see Commonwealth v. William***, 195 A.3d 1038 at *6 (Pa. Super 2018) (listing factors relevant to determining whether trial court abused its discretion in refusing to grant continuance for defendant to retain new counsel) (citation omitted) (Table).

Given the circumstances, there was no abuse of discretion as Packer had ample time prior to the morning of trial to seek a continuance or retain new counsel, and he provided no rationale as to why he sought new representation, especially where the trial court, all counsel, the jury, and witnesses were ready to proceed to trial. ***See Broitman***, 217 A.3d at 300-01 (no abuse of discretion where court denied defendant's

request for continuance to obtain new counsel on eve of trial where trial had been scheduled two months prior and court did not consider timing or manner of request reasonable); *see also Commonwealth v. Cartagena*, 188 A.3d 539 at *3-4 (Pa. Super. 2018) (Table) (no abuse of discretion where court denied defendant's request for continuance to obtain new counsel because court did not believe defendant's stated rationale); *Commonwealth v. Kittrell*, 427 A.2d 1380, 1382 (Pa. Super. 1981) (no abuse of discretion where court denied defendant's request for continuance to obtain new counsel on day of trial because defendant advanced neither claim of irreconcilable differences with counsel who represented him for over four months nor reason for not making request sooner).

Next, Packer claims that the trial court violated double jeopardy principles by sentencing him for two counts of carrying a firearm without a license, where his act of carrying a firearm was a continuous act and, thus, only constituted one offense. *See* Appellant's Brief, at 14. Packer's claim implicates the legality of his sentences, therefore, our standard of review is *de novo* and our scope of review is plenary. *See Commonwealth v. Lardani*, 301 A.3d 896 at *13 (Pa. Super. 2023) (citation omitted) (Table).

Packer's double jeopardy argument relies almost entirely on *Commonwealth v. Woods*, 710 A.2d 626 (Pa. Super. 1998). *See*

Appellant's Brief, at 15-17. In **Woods**, the defendant got into a vehicular accident wherein he attempted to shoot at the individual whose car he had struck. 710 A.2d at 628. After forcing a different individual off the road shortly thereafter, the defendant shot at that individual upon failing to open their car door. **Id.** at 628-29. The court in **Woods** considered this minimal time-period and the lack of evidence indicating that the defendant had carried the weapon "in [anything] other than an uninterrupted fashion" to mean the defendant had committed "but one offense." **Id.** at 628, 631 (noting second incident occurred "[s]hortly after" first). Packer claims that, like the defendant in **Woods**, Packer's carrying of a firearm "constituted one uninterrupted criminal episode" as it was confined to "a brief period—less than twenty-four hours[,]" and both incidents occurred in "a localized vicinity . . . approximately a seven-minute walk" apart. Appellant's Brief, at 15-16.

The trial court opines that two separate sentences for Packer's two convictions for carrying a firearm without a license were appropriate because "the convictions were for two temporally and factually distinct possessions of a firearm without a license" and, accordingly, "were separate crimes[] for which [Packer] could [be] and was given separate sentences." **See** Trial Court Opinion, at 14.

This Court has distinguished cases analogous to the one before us from **Woods** on at least two occasions: In **Commonwealth v.**

- 9 -

*Stewart*, 151 A.3d 1147 (Pa. Super. 2016) (Table), we held that two separate convictions for carrying a firearm without a license were appropriate because "the record [was] clear that [twenty-one] hours elapsed between [the underlying incidents] and that each was an in independent criminal act." *See id.* at *4. Likewise, in *Commonwealth v. Shaw*, 281 A.3d 1081 (Pa. Super. 2022) (Table), this Court reasoned that separate firearm charges were appropriate as the charges resulted from separate incidents and the defendant had not possessed the firearm in an uninterrupted fashion for the entire period encompassing the two incidents. *Id.* at *4 n.11.

Here, Packer illegally possessed a firearm twice in a thirty-four-hour span and in two separate locations. As such, his acts constituted two separate events distinct enough such that they did not constitute a continuous offense. *See Stewart*, 151 A.3d at *4 (twenty-one-hour gap between robberies at separate locations sufficient to support two separate convictions for carrying a firearm without a license).

The facts before us are significantly more analogous to those presented in *Stewart* and *Shaw* than in *Woods*. Packer possessed a firearm during two incidents that occurred thirty-four hours apart—a stark difference from the occurrences happening shortly after one another in *Woods*. *See* N.T. Jury Trial (Day 1), 11/15/22, at 190; *id.*, (Day 3), 11/17/22, at 215. Moreover, Packer used the firearm to shoot

two different individuals in two different locations. **See id.**, (Day 1), 11/15/22, at 146, 188. Given the length of time between the acts of possession and the differing circumstances, Packer's conduct did not constitute an "uninterrupted criminal episode" or a "continuous act" and, therefore, the trial court did not err by imposing two separate sentences for two convictions of carrying a firearm without a license.

Judgments of sentence affirmed.


Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 3/4/2025