761 A.2d 541

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Lance B. RUCKER a/k/a Lance Rucker, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 12, 2000.

Decided Nov. 22, 2000.

Joesph E. Hudak, Pittsburgh, for Lance B. Rucker.

Michael W. Streily, Amy E. Constantine, Pittsburgh, for Com. of Pennsylvania.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and SAYLOR, JJ.

## OPINION OF THE COURT

FLAHERTY, Chief Justice.

This is an appeal by allowance from a memorandum decision of Superior Court which affirmed a judgment of sentence of the Court of Common Pleas of Allegheny County. Appellant, Lance B. Rucker, was sentenced in 1998 to life imprisonment without parole following his conviction of second degree murder, robbery, firearms violations, impersonating a public servant, and conspiracy. Whether appellant was improperly denied his choice of trial counsel is the question presented for review.

Appellant and three others had been charged with criminal homicide and related offenses in connection with a shooting death. Counsel was appointed to represent appellant shortly after his arrest. Following a suppression hearing, two of the codefendants pleaded guilty, and their cases were severed. The trial court granted a motion by appellant's appointed counsel to dismiss the jury as a result of the severance of the codefendants.

Selection of a second jury commenced for appellant and his remaining codefendant. After four jurors were selected, appointed counsel informed the court that appellant wanted to switch to counsel that had, earlier that day, been privately retained by appellant's family. Private counsel had been

working on appellant's case for several months and was therefore familiar with it. Appellant had been unable to pay private counsel, however, prior to that day. Appellant explained to the court that he wanted to change to private counsel because he felt "comfortable" with him. The court denied the request. Next, appellant requested that private counsel be permitted to act as co-counsel with appointed counsel. That request was likewise denied.

In denying these requests, the court noted that appointed counsel had represented appellant from the inception of this case, to wit, from the time of his arrest, through the suppression hearing, and through the selection of four jurors. It noted too that appointed counsel was an accomplished and competent attorney. Appellant responded that he was not claiming that appointed counsel was doing a poor job, but that he just wanted a lawyer of his own choice, namely one with whom he felt "comfortable."

At issue is whether the trial court abused its discretion in denying appellant's request to substitute privately-retained counsel for court-appointed counsel. See *Commonwealth v. Basemore*, 525 Pa. 512, 522, 582 A.2d 861, 865 (1990) ("The decision of whether to grant a request for a change of counsel is a matter vested to the sound discretion of the trial court and will not be disturbed on appeal, absent an abuse of discretion."), cert. denied, 502 U.S. 1102, 112 S.Ct. 1191, 117 L.Ed.2d 432 (1992). On the basis that appellant's right to choose his counsel was violated by the trial court's ruling, we reverse.

In the seventeenth century William Penn, influenced by his harsh personal experience with English justice as it was then applied, wrote in what he proposed to be the fundamental law of this commonwealth:

Sixth. That in Courts, all Persons of all Perswasions may freely appear in their own Way, and according to their own Manner, and there Personally Plead their own Cause themselves, *or if unable, by their Friends* . . . .

(Emphasis supplied). It is now, of course, well established that a defendant has a constitutional right to choose any

lawyer he may desire, at his own cost and expense.[1]  *Commonwealth v. Novak*, 395 Pa. 199, 213, 150 A.2d 102, 109 (1959), cert. denied, 361 U.S. 882, 80 S.Ct. 152, 4 L.Ed.2d 118 (1959).  That right was delineated in *Novak*, where this court stated:

> A defendant has a Constitutional right to choose at his own cost and expense any lawyer he may desire.  Constitution of Pennsylvania, Art. I, § 9;  Constitution of the United States, Amend. V (due process), Amend. XIV (due process); *Commonwealth v. Thompson*, 367 Pa. 102, 106, 79 A.2d 401 [, 403 (1951) ] . . . .
>
> . . . .
>
> . . . Constitutional provisions, like all laws, must receive a sensible and reasonable construction.  The accused's *right to choose counsel must be exercised at a reasonable time and in a reasonable manner.*

395 Pa. at 213–14, 150 A.2d at 109–10 (emphasis added).

In *Novak*, we held that the defendant's request to switch between privately-retained counsel on the day of trial was properly denied.  We stated:

> Defendant had a period of almost two years in which to procure counsel to his liking and in whom he could have confidence.  He was never denied the opportunity to exercise this right.  Defendant knew when his case would be called for trial.  He could not wait until the very day of his trial to choose another counsel.  This would be, under the circumstances here present, an unreasonable interpretation of his Constitutional rights and would shackle not promote

1.  The situation is different for a defendant who is not employing counsel at his own expense, and who, at public expense, seeks court-appointed counsel.  Such a defendant does not have a right to choose the particular counsel to represent him.  *Commonwealth v. Moore*, 534 Pa. 527, 539, 633 A.2d 1119, 1125 (1993) (citing *Commonwealth v. Johnson*, 428 Pa. 210, 213, 236 A.2d 805, 807 (1968)), cert. denied, 513 U.S. 1114, 115 S.Ct. 908, 130 L.Ed.2d 790 (1995).  Nor, after counsel has been appointed, can he change to other assigned counsel unless a substantial reason exists for the change.  Pa.R.Crim.P. 316(c)(ii) (delineating "Assignment of Counsel"); *Moore*, 534 Pa. at 539, 633 A.2d at 1125; *Commonwealth v. Williams*, 514 Pa. 62, 67–68, 522 A.2d 1058, 1061 (1987).

Justice. . . . If a defendant who engages his own counsel refuses for two years to engage other counsel and waits until the trial of his case to demand an opportunity to engage other counsel, he can repeat this strategy every time his case is called for trial, and society would not receive the protection and equal Justice to which both they and the accused are entitled.

395 Pa. at 214–15, 150 A.2d at 110.

This court similarly weighed the interests of the accused's right to choose counsel and the state's interest in proceeding with trial in *Commonwealth v. Robinson*, 468 Pa. 575, 364 A.2d 665 (1976). There, where a continuance would have been necessary to enable the defendant to switch from court-appointed counsel to privately-retained counsel, we held that the trial court did not err in denying the request to change counsel. We stated:

It is clear, however, that a person's right to be represented by the counsel of his choice is not absolute. See, e.g., *Pirillo v. Takiff*, 462 Pa. 511, 341 A.2d 896 (1975). In *Moore v. Jamieson*, 451 Pa. 299, 308, 306 A.2d 283, 288 (1973), this Court specifically held that the right of the accused to choose his own counsel, as well as a lawyer's right to choose his clients, must be weighed against and may be reasonably restricted by "the state's interest in the swift and efficient administration of criminal justice." Although the accused may personally elect to waive his right to a speedy trial, he clearly cannot be permitted to utilize his right to choose his own counsel so as *unreasonably* to clog the machinery of justice and hamper and delay the state in its efforts to do justice with regard both to him and to others whose rights to a speedy trial may thereby be affected.

468 Pa. at 592–93, 364 A.2d at 674 (footnote omitted). Accord *Basemore*, 525 Pa. at 522–23, 582 A.2d at 865–66.

In contrast to *Novak* and *Robinson*, the present case is not one where granting appellant's request would have caused an unreasonable delay in trial. The private counsel

that was retained for appellant after jury selection commenced had in fact been working on the case for several months. He was already completely familiar with the matter. In a written motion, he informed the court that he is an experienced trial lawyer who specializes in criminal defense, that he met with appellant at least ten times, that he developed a special rapport and trust with appellant, that he fully reviewed all case materials, and that he completely prepared the defense of appellant's case. Further, because the possibility of his participation in the case was anticipated from the start, his name had been announced to the jury pool, along with appointed counsel's name, as counsel for appellant. No request for a continuance was made. Private counsel was prepared to proceed with the case immediately. The state's interest in swift and efficient administration of justice would not, therefore, have been affected in any way by allowing a change of counsel. Inasmuch as the state had no interest that would have been affected, appellant's right to choose counsel should have prevailed. The trial court erred, therefore, in disallowing the change of counsel. Appellant is entitled to a new trial with representation to be provided by his privately-retained counsel.[2]

Judgment of sentence reversed, and a new trial granted.

Justice NEWMAN did not participate in the consideration or decision of this case.

---

2. Appellant's argument that he should not be subjected to retrial is without basis. Where there has been a deprivation of the right to counsel of one's choice, the remedy is a new trial. *Commonwealth v. Johnson*, 550 Pa. 298, 304–06, 705 A.2d 830, 833–34 (1998).