J. S42037/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA :  IN THE SUPERIOR COURT OF
             :      PENNSYLVANIA
     v.      :
             :
JAMES LESLIE FLOWERS, JR.,  :    No. 97 MDA 2017
             :
     Appellant  :


Appeal from the Judgment of Sentence, October 12, 2016,
in the Court of Common Pleas of Schuylkill County
Criminal Division at No. CP-54-CR-0001181-2015


BEFORE:  OLSON, J., MOULTON, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED OCTOBER 11, 2017**

James Leslie Flowers appeals ***pro se*** from the October 12, 2016

judgment of sentence entered in the Court of Common Pleas of Schuylkill

County[1] following his conviction in a jury trial of delivery of a controlled

substance, possession with intent to deliver a controlled substance, and

---

[1] Appellant filed his appeal from the December 7, 2016 order denying his post-sentence motion.  In the criminal context, an appeal properly lies from the judgment of sentence, not an order denying post-sentence motions. ***Commonwealth v. Dreves***, 839 A.2d 1122, 1125 n.1 (Pa.Super. 2003) (***en banc***).  The caption, therefore, has been amended to reflect that this appeal is from the October 12, 2016 judgment of sentence.

possession of a controlled substance.[2]  The trial court imposed a sentence of

27 to 54 months of imprisonment.[3]  We remand for further proceedings.

In a prior memorandum, we set forth the following procedural history:

> The record reflects that on June 15, 2015, Attorney Andrea Thompson of the Office of the Public Defender entered her appearance on appellant's behalf and represented appellant through trial. Following trial, but before sentencing, and while still being represented by Attorney Thompson, appellant commenced **pro se** filings with the trial court, which included a "notice of appeal," a "motion for stay of sentencing pending appeal," and a Post-Conviction Relief Act[Footnote 4] petition alleging, among other things, ineffective assistance of Attorney Thompson. (**Pro se** notice of appeal, 9/13/16; **pro se** motion for stay of sentencing pending appeal, 9/13/16; **pro se** PCRA petition, 9/13/16; Docket ##30, 32 & 33, respectively).  On September 16, 2016, Attorney Thompson filed a motion to withdraw as counsel, alleging her inability to represent appellant because of the "outrageous and spurious allegations" appellant made against her.  (Motion to withdraw as counsel, 9/16/16.)  On September 26, 2016, the trial court entered an order granting Attorney Thompson's motion to withdraw as counsel and appointing Claude A.L. Shields, Esq., to represent appellant.  (Order of court, 9/26/16.)  Despite being represented by Attorney Shields, appellant filed a **pro se** motion challenging the trial court's jurisdiction over appellant.  (**Pro se** motion to challenge jurisdiction, 10/11/16; Docket #40.)
>
> [Footnote 4] 42 Pa.C.S.A. §§ 9541-9546.
>
> The trial court held a sentencing hearing on October 12, 2016, at which Attorney Shields

---

[2] Counts I and II in violation of 35 P.S. § 780-113(a)(30) and Count III in violation of 35 P.S. § 780-113(a)(16).

[3] For sentencing purposes, Counts II and III merged with Count I.

represented appellant. Because appellant disrupted those proceedings, the trial court held appellant in direct criminal contempt of court, sentenced him to 30 days in prison, and had him removed from the sentencing hearing and taken into custody. (Notes of testimony, 10/12/16 at 3.) The sentencing hearing then proceeded without appellant. Prior to imposition of sentence, Attorney Shields informed the trial court that appellant had indicated to counsel that appellant did not want counsel's representation. (*Id.* at 6-7.) Attorney Shields further informed the trial court that communication between counsel and appellant is "totally broke [sic] down." (*Id.* at 7.) Attorney Shields stated that although he would be representing appellant at the sentencing hearing, he would be filing a motion to withdraw. (*Id.*) Thereafter, the trial court imposed sentence. (*Id.* at 11; *see also* order of court, 10/12/16; Docket #41.)

On October 13, 2016, Attorney Shields filed a post-sentence motion on appellant's behalf and simultaneously filed a motion to withdraw as counsel. In that motion to withdraw, Attorney Shields alleged that because counsel informed appellant that appellant had no basis to challenge the trial court's jurisdiction over him, appellant refused to communicate with counsel. (Motion to withdraw as counsel, 10/13/16; Docket #44.) On November 10, 2016, the trial court granted Attorney Shields's motion to withdraw as counsel and further "ordered that [appellant] may represent himself *pro se* and that [Attorney] Shields is appointed to serve as standby counsel." (Order of court, 11/10/16; Docket #53.) On December 7, 2016, the trial court denied appellant's post-sentence motion.

The record further reveals that appellant filed a "motion for extraordinary relief to the [trial] court," which was docketed on November 29, 2016, and states:

> And now, [appellant]/***pro se***, James Leslie Flowers, hereby motions the court as follows:
>
> 1.   The order of court on the 10th day of November, granted the motion of defense counsel to withdraw his appearance in the matter, and his appearance is withdrawn.
>
> 2.   It is further ordered that [appellant] may represent himself ***pro se***, and that Claude A. Lord Shields, Esquire is appointed to serve as standby counsel.
>
> WHEREFORE, [appellant]/***pro se***, James Leslie Flowers request that this Honorable Court to grant, extraordinary relief, so that ***pro se*** [appellant] may seek proper legal advice from attorney's at law, who specialize in the nature of these charges brought forth, and further be appointed appeal bail to reinstate the bail that [appellant]/***pro se***, James Flowers is therefore capable, and knowledgeable to properly litigate these proceedings.

***Pro se*** motion for extraordinary relief to the court, 11/29/16; Docket #56 (numerous grammatical errors occur in original).

On December 2, 2016, the trial court entered an order denying appellant's motion for extraordinary relief. (Order of court, 12/2/16; Docket #58.) Appellant then filed a ***pro se*** notice of appeal to this court.[Footnote 5] (***Pro se*** notice of appeal, docketed 1/13/17; Docket #65.) The trial court then ordered appellant to file a concise statement of errors complained of on appeal

- 4 -

pursuant to Pa.R.A.P. 1925(b), and appellant timely complied *pro se*. The trial court then filed its Rule 1925(a) opinion.

> [Footnote 5] The notice of appeal is dated January 6, 2017, but time-stamped as being docketed on January 13, 2017. In an abundance of caution, based upon the prisoner mailbox rule, we deem the notice of appeal timely filed. *See Commonwealth v. Chambers*, 35 A.3d 34, 38 (Pa.Super. 2011) (holding "a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing") (citation omitted)).

Appellant has now filed a *pro se* brief with this court raising six issues. Based on the record before us, however, we cannot consider the issues that appellant requests that we review because we find that the trial court violated appellant's right to counsel on direct appeal. *See Commonwealth v. Wrecks*, 931 A.2d 717, 722 (Pa.Super. 2007) (reiterating that a criminal appellant has a constitutional right to counsel on direct appeal). Here, nothing in the record supports the conclusion that appellant requested Attorney Shields to withdraw, waived his right to counsel on appeal, or desired to proceed *pro se* on appeal. We are, therefore, constrained to remand for a *Grazier*[Footnote 6] hearing. If appellant wishes to represent himself, we will proceed to the merits on appeal considering his *pro se* brief.

> [Footnote 6] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

*Commonwealth v. Flowers*, 2017 Lexis 3136, at *1-7 (Pa.Super.

August 18, 2017) (unpublished memorandum).

On August 18, 2017, we remanded this matter to the trial court for a *Grazier* hearing to determine whether appellant's decision to proceed *pro se* on direct appeal was a knowing, intelligent, and voluntary one. On September 14, 2017, the trial court filed an order with this court, dated September 12, 2017, that attached a certified transcript of its November 10, 2016 hearing with counsel and appellant with respect to Attorney Shields' motion to withdraw as appellant's counsel and certified its conclusion that appellant "was acting knowingly, intelligently, voluntarily and understandingly, and that the *Grazier* requirements had been fulfilled." (Order of court, 9/12/17.)

"Both the right to counsel and the right to self-representation are guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section Nine of the Pennsylvania Constitution." *Commonwealth v. Phillips*, 93 A.3d 847, 851 (Pa.Super. 2014) (citation omitted). "Where a defendant knowingly, voluntarily, and intelligently seeks to waive his right to counsel, the trial court . . . must allow the individual to proceed *pro se*." *Commonwealth v. El*, 977 A.2d 1158, 1162-1163 (Pa. 2009) (citation omitted). Pursuant to Pennsylvania Rule of Criminal Procedure 121, the trial court is required to examine the following six areas on the record to determine whether a defendant is making a knowing, voluntary, and intelligent waiver:

> (a)    that the defendant understands that he or she has the right to be represented by counsel,

and the right to have free counsel appointed if the defendant is indigent;

   (b)   that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

   (c)   that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

   (d)   that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

   (e)   that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

   (f)   that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.Crim.P. 121(A)(2).

The trial court must further inquire "about the defendant's age, educational background, and basic comprehension skills." **Phillips**, 93 A.3d at 853 (citation omitted). We will review "the totality of the relevant circumstances only after we decide that the trial court has met the minimum requirements of Rule 121, to determine whether the defendant's waiver of

the constitutional right to counsel was a knowing, voluntary, and intelligent waiver." *Id.* at 854 (citation omitted).

Here, we are unable to determine whether appellant's decision to proceed *pro se* on direct appeal constituted a knowing, intelligent, and voluntary decision based on the following colloquy that took place at the November 10, 2016 hearing on Attorney Shields' motion to withdraw as counsel:

> THE COURT:  . . . [Appellant], what's your position on this?  Do you want Mr. Shields to remain in the case?  Do you want him out of the case?  Do you want to represent yourself?
>
> [APPELLANT]:  I want to represent myself.
>
> THE COURT:  All right.  Did anybody threaten you or force you to do that?  You're doing that of your own free will?
>
> [APPELLANT]:  Yes.
>
> THE COURT:  Then good.  I have no problem with that. . . .

Notes of testimony, 11/10/16 at 2-3.

Clearly, the trial court failed to conduct a proper colloquy of appellant that examined the relevant factors set forth in Rule 121 involving appellant representing himself on appeal.  Consequently, we are constrained to once again remand this matter to the trial court and direct the trial court to conduct a hearing in accordance with *Grazier* to determine if appellant knowingly, intelligently, and voluntarily waived his right to counsel on appeal

within 30 days of the date that this memorandum is filed. We additionally remind appellant that although he is entitled to the appointment of counsel on appeal, he is not entitled to the counsel of his choice. *See Commonwealth v. Rucker*, 761 A.2d 541, 542 n.1 (Pa. 2001) (reiterating that a defendant who seeks court-appointed counsel at public expense has no right to choose the particular counsel to represent him).

Case remanded. Jurisdiction retained.