J-S47027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAHEED WARREN | : | |
| | : | |
| Appellant | : | No. 923 EDA 2023 |

Appeal from the PCRA Order Entered April 6, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008204-2014

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED MARCH 11, 2024**

Shaheed Warren appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history may be summarized as follows:  In the early morning hours of May 2, 2014, Warren received a ride from a friend, Cinquetta Perrin, to a bar in Philadelphia.  Warren went into the bar, while Ms. Perrin went to a nearby deli.  Upon leaving the bar at approximately 1:25 a.m., Warren shot three individuals, two of whom died.  Following an investigation, police arrested Warren and charged him with murder and related crimes.

---

[*] Former Justice specially assigned to the Superior Court.

Warren waived a jury trial, and his bench trial began on March 19, 2015. At that time, Warren was represented by court-appointed counsel. However, trial was continued and did not resume until November 2015. At the start of the November trial date, court-appointed counsel withdrew and was replaced by privately-retained counsel, who was hired two days prior.

At trial, Ms. Perrin testified she saw Warren leave the bar among a crowd of people and pull a gun from his waist before he fired multiple shots toward people in the crowd. A second witness, Jerry Carroll, also testified that he had seen the shooting and identified Warren as the shooter. A third witness, Andre Shaw, testified that he worked at the bar, and he knew Warren from seeing him there. He also testified that Warren was involved in a minor altercation before closing, and that he let Warren out of the door "seconds" before the shooting began. After the shooting, Warren fled toward a "hack stand," and he then left the area in a hack taxi. The driver of the taxi, Randolph Joyner, testified at trial and identified Warren as the occupant of his vehicle. N.T., 11/23/15, at 112.

On November 25, 2015, the trial court found Warren guilty of two counts of first-degree murder and related charges. The trial court proceeded immediately to sentencing and imposed an aggregate term of life in prison and a consecutive term of twenty to forty years of incarceration.

Warren appealed to this Court. On June 20, 2017, we affirmed his judgment of sentence, and, on January 22, 2018, our Supreme Court denied Warren's petition for allowance of appeal. *Commonwealth v. Warren*, 174

A.3d 122 (Pa. Super. 2017) (non-precedential decision), *appeal denied*, 179 A.3d 457 (Pa. 2018).

Warren filed a *pro se* PCRA petition on April 5, 2019. In that petition, Warren raised three instances of trial counsel's alleged ineffectiveness: 1) failing to consult with him and gaining his consent prior to entering into various stipulations with the Commonwealth at his bench trial; 2) failing to move for the trial court's recusal; and 3) failing to investigate, interview or otherwise subpoena two crucial eyewitnesses to the incident so that they could testify at trial. In addition, Warren asserted that he was entitled to a new trial due to prosecutorial misconduct that occurred when the Commonwealth failed to correct the false testimony of one of its witnesses. After removing the first court-appointed counsel, the PCRA court appointed another attorney on January 31, 2020.

Although represented by counsel, Warren filed an amended *pro se* PCRA petition in which he raised two additional claims of trial counsel's ineffectiveness: 1) failing to object to the false testimony of a police detective; and 2) entering prior bad act evidence when cross-examining a Commonwealth witness about an unrelated incident involving Warren's girlfriend.

On October 1, 2021, PCRA counsel filed an amended PCRA petition on Warren's behalf. In this petition, Warren alleged that trial counsel was ineffective for three reasons: 1) failing to properly prepare for trial; 2) not objecting to the hearsay "flash" description given by the surviving victim,

Ronald Edwards, who did not testify at trial; and 3) "not calling nor attempting to subpoena [Edwards] as a witness as this witness identified another individual as the shooter prior to identifying [Warren]." Regarding this third claim, Warren also alleged that trial counsel was "further ineffective for failing to investigate the potential involvement of this other suspect." In a footnote, PCRA counsel averred that, after she had discussions with Warren, Warren agreed to allow counsel to withdraw his remaining *pro se* claims of ineffectiveness. PCRA counsel further averred that "other claims raised in the *pro se* [PCRA] petition [were] either previously litigated and/or meritless, and same was explained to [Warren] by counsel."[1]

The Commonwealth filed a motion to dismiss and PCRA counsel filed a reply. On April 29, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Warren's petition without a hearing. Warren filed a *pro se* response on May 20, 2022, in which he claimed PCRA counsel was ineffective, and he requested to proceed *pro se*.

On June 24, 2022, the trial court held a ***Grazier*** hearing.[2] During the hearing, the PCRA court advised Warren of his right to have new counsel appointed to represent him, given his claims of PCRA counsel's ineffectiveness, pursuant to ***Commonwealth v. Betts***, 240 A.3d 616 (Pa. Super. 2020). Warren elected to have new counsel appointed rather than

---

[1] Warren disputes these statements by PCRA counsel.

[2] ***See Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

- 4 -

proceed *pro se*. Thereafter, the PCRA Court appointed new counsel ("***Betts*** counsel").

On June 29, 2022, ***Betts*** counsel entered his appearance. On February 2, 2023, he filed a letter stating that, after reviewing the case and Warren's claims, he found "no legal ineffectiveness with prior counsel." At a subsequent status hearing on February 23, 2023, the PCRA court rejected ***Betts*** counsel's letter, and directed him to file a supplemental letter. That same day, Warren filed a *pro se* response to ***Betts*** counsel's letter. On March 30, 2023, ***Betts*** counsel filed a supplemental letter in which he again concluded that PCRA counsel was not ineffective. In addition, ***Betts*** counsel addressed the *pro se* claims Warren raised in his original and amended PCRA petitions. By order entered April 6, 2023, the PCRA court accepted ***Betts*** counsel's letter, and dismissed Warren's petition. This appeal followed.

As directed by the PCRA court, ***Betts*** counsel filed a Pa.R.A.P. 1925(b) statement. Therein, Warren asserted that the PCRA court erred in not holding an evidentiary hearing regarding his claims that trial counsel was ineffective for failing to: 1) properly prepare for trial; 2) object to the hearsay statements of victim Ronald Evans made by Officer Acevedo that provided a description of the shooter; and 3) subpoena Ronald Edwards, who initially identified Keith Carter at the shooter. On June 26, 2023, the PCRA court filed its Rule 1925(a) opinion, in which it addressed these claims and found them to be without merit.

Warren raises the following issue on appeal:

1. Did the PCRA [court] err by not granting an evidentiary hearing to investigate trial counsel's ineffectiveness with respect to his overall preparedness for trial?

Warren's Brief at 7.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. [*See* Pa.R.Crim.P. 909(B)(2).] To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

On appeal Warren raises a claim of trial counsel's ineffectiveness. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's

performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." **Id.** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's act or omission prejudiced the petitioner. **Id.** at 533.

In support of his claim that the PCRA court erred in failing to hold an evidentiary hearing, Warren focuses on the timeline between when trial counsel was retained and when trial resumed. Warren acknowledges that "having a short amount of time to prepare is not *per se* ineffectiveness." Warren's Brief at 13 (citing **Commonwealth v. Williams**, 950 A.2d 294, 313 (Pa. 2008). However, Warren asserts that "it is unreasonable to believe that an attorney who has less than 36 hours to prepare for a double-homicide and attempted murder trial can do so adequately." Warren's Brief at 13.

According to Warren, **Betts** counsel "offered a plethora of relevant but unanswered questions that could have easily been addressed in an evidentiary hearing." Warren's Brief at 20. Warren further asserts:

> An evidentiary hearing would have, minimally, unearthed: the nature, quality, and duration of the communications between [Warren] and [trial counsel] and his representatives [if any] prior to being retained; the exact date [trial counsel] was retained; the extent to which [Warren] knew [co-counsel] would be actively assisting in the defense; the cost of representation and other contents of [Warren's] engagement letter/contract; the extent to which [trial counsel] had, or could have, contemplated strategy, for a double homicide trial, in 36 hours, the extent to which [trial counsel] had, or could have, contemplated motions, for a double

- 7 -

homicide trial, in 36 hours, including the complete abandonment (by trial counsel and the [trial court]) of [prior counsel's] Motion to Compel; [trial counsel's] ability to investigate and/or locate witnesses that could have assisted the defense; his conversations with [Warren] regarding his potential testimony; what additional evidence the defense sought to obtain when court adjourned on 11/24/15, what efforts were made to obtain said evidence, and why the evidence was unobtainable. These are not new claims that the [PCRA] court can casually dismiss by asserting there were never presented to the PCRA court. Rather, they accurately serve as illustrations of the body of unanswered questions that, first, go directly to the unpreparedness of [trial counsel], and by extension, [co-counsel]; and second, could have been answered with an evidentiary hearing where counsel would have testified under oath.

Warren's Brief at 20-21 (formatting altered).

The PCRA court found that an evidentiary hearing was not warranted. In so concluding, the court noted that Warren abandoned the more specific claims of ineffectiveness raised in his Rule 1925(b) statement, and instead raised a new claim regarding trial counsel's alleged overall unpreparedness. The PCRA court found Warren waived this general allegation because he raised it for the first time on appeal, *see* PCRA Court Opinion, 6/26/23, at 7-8. Nevertheless, the court did address the specific ineffectiveness claims Warren raised in his Rule 1925 statement and explained why an evidentiary hearing was not warranted.

We disagree with the PCRA court's conclusion that Warren waived his general claim that trial counsel was not prepared for trial. *See* Amended Petition, 10/1/21. However, we agree that Warren's claim of "unanswered questions" was not sufficient to warrant an evidentiary hearing. Claims of trial

counsel's ineffectiveness are not self-proving and therefore cannot be raised in a vacuum. *See generally*, *Commonwealth v. Pettus*, 424 A.2d 1332 (Pa. 1981). Before an evidentiary hearing will be granted, a PCRA petitioner "must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective." *Commonwealth v. Begley*, 780 A.2d 605, 635 (Pa. 2001) (quoting *Commonwealth v. Pettus*, 424 A.2d 1332, 1335 (Pa. 1981)). Warren made no such proffer. Given these circumstances, the PCRA court did not err in dismissing Warren's petition without first holding an evidentiary hearing. *See Commonwealth v. Clark*, 961 A.2d 80, 94 (Pa. 2008) (explaining that, in the absence of a sufficient proffer, a petitioner's bare assertions would inappropriately convert an evidentiary hearing into a "fishing expedition" for possible exculpatory evidence).

Although Warren posits certain questions that could have been answered by counsel at an evidentiary hearing, he does not proffer any facts regarding any of his communications with trial counsel. As a participant with counsel, prior to trial, Warren himself could have answered some of the questions posed in support of his claim that an evidentiary hearing was warranted. Moreover, Warren chose to proceed with private counsel only two days before trial resumed. As such, he cannot now claim that trial counsel did not have adequate time to prepare. "A defendant's right to choose private counsel 'must be exercised at a reasonable time and in a reasonable manner.'"

*Commonwealth v. Broitman*, 217 A.3d 297, 300 (Pa. Super. 2019) (quoting *Commonwealth v. Rucker*, 761 A.2d 541, 542–43 (Pa. 2000)) (affirming denial of motion to allow counsel to withdraw and newly retained counsel to appear on the day of trial). Thus, his only issue on appeal does not entitle him to post-conviction relief.

Before concluding, we observe that, after this appeal was pending before this Court, on May 19, 2023, Warren filed a *pro se* application for relief in which he sought the removal of *Betts* counsel, due to his alleged ineffectiveness, and the appointment of new counsel.

We note that *Betts* was decided prior to our Supreme Court's decision in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021). In *Betts*, this Court remanded for the appointment of new counsel because both the PCRA court and PCRA counsel did not recognize the significance of Betts' preserving his claims of PCRA counsel's ineffectiveness by raising them in his *pro se* response to the PCRA court's Rule 907 notice. *Betts*, 240 A.3d at 622-23. In *Commonwealth v. Bradley*, 261 A.3d 381, 402 (Pa. 2021), the High Court found that "the current Rule 907 procedure for preserving claims of PCRA counsel ineffectiveness . . . is deeply flawed." In its place, our Supreme Court held, "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Bradley*, 261 A.3d at 401 (footnote omitted).

As recently stated by this Court: "**Bradley** did not guarantee a PCRA petitioner substantive review of claims of PCRA counsel's ineffectiveness, nor did it create an absolute right to remand for development of those claims." **Commonwealth v. Lawrence**, ___ A.3d ___, WL 2024 221021 at *2 (Pa. Super. 2024). Regarding the need for a remand, in **Bradley**, our Supreme Court stated:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter.

**Bradley**, 261 A.3d at 402 (citation omitted).

In his application for relief, Warren's claim that **Betts** counsel was ineffective is actually a raised a layered claim of ineffectiveness; he alleges no direct claims against **Betts** counsel other than a failure to address his *pro se* claims against trial counsel. In making a layered claim of ineffectiveness, a PCRA petitioner "must properly argue each prong of the three-prong ineffectiveness test for each separate attorney." **Commonwealth v. Rykard**, 55 A.3d 1177, 1190 (Pa. Super. 2012). "In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel." **Commonwealth v. Burkett**, 5 A.3d 1260, 1270 (Pa. Super. 2010). "If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue." **Id.**

- 11 -

Here, we have detailed above the trial counsel ineffectiveness claims Warren wished to have raised. Because the present record is sufficient to dispose of these challenges, a remand pursuant to *Bradley* is not warranted, and we deny Warren's *pro se* application for relief.[3]

Instead, we will address the three claims of trial counsel's ineffectiveness that Warren raised in his 2019 *pro se* PCRA petition, and the two additional claims of trial counsel's ineffectiveness he raised in his 2020 *pro se* amended petition. *Burkett*, *supra*.

Warren first claims that trial counsel failed to consult with him prior to entering into stipulations with the Commonwealth regarding the identity of Edwards, a portion of Edwards' hospital records, and that the DNA analysis of the shirt police officers found at Warren's home had a "partial DNA profile" that matched Warren's DNA from a buccal swab. According to Warren, these stipulations constituted "inadmissible testimonial hearsay evidence, that conceded [Warren's] guilt and made the outcome of the trial a foregone conclusion." Warren's PCRA petition, 4/5/19, at 4.

---

[3] We are aware of this Court's recent decision in *Commonwealth v. Valerio*, 2024 WL 620291, at * 2 (Pa. Super. 2024) (non-precedential decision), which remanded the case so that *Betts* counsel could file "a *Turner/Finley* motion, Appellant's response to the *Turner/Finley* motion, appointment of new counsel (if necessary)" and the compliance with Rule 1925 by both counsel and the PCRA court. Here, by contrast, *Betts* counsel explained why Warren's *pro se* ineffectiveness claims are meritless, the PCRA court accepted these explanations, and we can review them based on the present record. Under these circumstances, a remand for further proceedings before the PCRA court would be a waste of judicial resources.

Warren's claim is meritless. Initially, as to Edwards' identity, the record reveals that neither the Commonwealth nor original trial counsel could locate him. Clearly, however, the Commonwealth could have introduced Edwards identity as the surviving victim of the shooting incident via the testimony of the police officers who interviewed him. The stipulations regarding Edwards' medical records and the DNA analysis were for purposes of authentication. **See generally**, Pa.R.E. 901. By entering these stipulations, Warren's guilt was not a "foregone conclusion," but rather, they did no more than relieve the Commonwealth from calling witnesses to authenticate them. Thus, Warren's first ineffectiveness claim fails.

In his next challenge to trial counsel's ineffectiveness, Warren faults trial counsel for failing to move for the trial court's recusal as factfinder after the court was exposed to several instances in which trial counsel informed the court that he wished to explore a diminished capacity defense, and the surprise testimony from a Commonwealth witness that Warren informed her that he "ain't mean to kill old head, but he was in the way." N.T., 11/23/15, at 132. Warren further asserts that the trial court demonstrated actual bias by asking the prosecutor if the firearm charge was severed from the other charges. According to Warren, "the only inference that can be drawn from [these] above facts of record is that the [trial court] decided that [he] was guilty before the [court] conducted [Warren's] trial. Warren's PCRA petition, 4/5/19, at 28.

- 13 -

Warren's claim is meritless. As factfinder, the trial court is presumed to ignore prejudicial evidence. "It has long been held that trial judges, sitting as factfinders, are presumed to ignore prejudicial evidence in reaching a verdict." *Commonwealth v. Dent*, 837 A.2d 571, 582 (Pa. Super. 2003). There is no indication in the record that trial counsel's suggestion that Warren might pursue a diminished capacity defense prejudiced Warren. After a Commonwealth witness testified that Warren confessed killing one of the men, the trial court questioned the prosecutor. Upon learning from her that the witness's testimony was not in her prior statement, and trial counsel moving for a mistrial, the trial court excluded the statement and stated the court would not consider it. Finally, the trial court's discussion of whether the firearm charge was severed provides no basis for recusal. Thus, Warren's second ineffectiveness claim fails.

In his third ineffectiveness claim, Warren asserts trial counsel was ineffective for failing to investigate, interview or otherwise subpoena "two crucial eyewitnesses to testify at trial" in support of his defense. Warren's PCRA petition, 4/5/19, at 36.

To establish that trial counsel was ineffective for failing to investigate and/or call a witness at trial, a PCRA petitioner must demonstrate that:

> (1) the witness existed; (2) the witness was available; (3) trial counsel was informed of the existence of the witness or should have known of the witness's existence; (4) the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) the absence of the testimony prejudiced appellant.

- 14 -

*Commonwealth v. Sneed*, 45 A.3d 1096, 1108-09 (Pa. 2012). In his petition, Warren identifies these two eyewitnesses as Edwards and Priscilla Davis.

The PCRA court found that Warren failed to meet his burden as to Edwards:

> Here, [Warren] never submitted a witness certification for Edwards. Accordingly, Edwards would have been barred from testifying at an evidentiary hearing. *See* 42 Pa.C.S. § 9545(d)(1)(iii) (testimony of proposed witnesses for who certifications were not submitted is inadmissible). Moreover, [Warren] failed to proffer *any* evidence to show that Edwards was available or willing to testify at trial, of that if he testified, he would have provided evidence favorable for the defense. Accordingly, the [PCRA court] did not err by failing to hold an evidentiary hearing regarding this witness.
>
> In addition, there was substantial evidence presented by the Commonwealth corroborating Edwards' positive identification of [Warren] as the shooter in Edwards' second statement to police. In Edwards' second statement, in addition to identifying [Warren] as the shooter, Edwards provided a description of the shooter as wearing a black shirt with a white collar. This description was consiste[nt] with the description given by witness Randolph Joyner, who testified that the shooter was wearing a black rugby shirt with a gray collar, as well as witness Cinquetta Perrin, who told police [Warren] was wearing a blue button down polo shirt the night of the shooting. These descriptions were further corroborated by video footage from the night of the incident. Additionally, when the police executed a search warrant on [Warren's] residence, they recovered a black polo shirt with a white collar. Accordingly, there was substantial corroboration of Edwards' positive identification of [Warren] as the shooter in his second police interview, and nothing in the record to suggest that would have been helpful to [Warren] as a trial witness.

PCRA Court Opinion, 6/26/23, at 11-12 (footnote and citations omitted).

We find ample support for the PCRA court's conclusions regarding the failure to call Edwards as a defense witness. As we noted above, none of the parties could locate Edwards at the time of trial. Indeed, almost five years later, when Warren filed his 2019 his *pro se* PCRA petition, there was no indication that Edwards has been located.

Regarding the failure to interview or call Priscilla Davis at trial, we first note that she was not an eyewitness to the shooting. Rather, Warren proffers her as a witness to contradict Commonwealth witness Andre Shaw's testimony that Warren was involved in a minor altercation before leaving the bar. Warren did not file a certification regarding Ms. Davis, and he has established none of the **Sneed** factors regarding this witness. Thus, Warren's third ineffectiveness claim fails.[4]

As noted above, after executing a search warrant at Warren's home, the police recovered a black polo shirt with a white collar. In his amended *pro se* PCRA petition, Warren raised an additional claim that trial counsel was ineffective for failing to object at trial "when the prosecutor knowingly elicited false and perjured testimony" on direct examination of Philadelphia Homicide

---

[4] In his *pro se* PCRA petition Warren also asserted prosecutorial misconduct for failing to correct the "false, misleading and perjured testimony" of a Commonwealth witness regarding that witness's sentence on criminal charges. This claim could have been raised on direct appeal and is, therefore waived under the PCRA. **See** 42 Pa.C.S.A. § 9544(b). Moreover, even if Warren had raised this claim as trial counsel's failure to object, we would find it to lack merit as the only minor differences appear in the witness's testimony and the actual sentence he received.

Detective Golphin that he seized the black polo shirt. Warren's Amended Petition, 5/14/20 at 3. According to Warren, the Commonwealth "knew" that it was another police officer, Philadelphia Homicide Detective Phillip Nordo, who actually seized the evidence. Warren asserts that his claim is supported by the search and seizure warrant and affidavit of probable cause prepared by Detective Nordo.

Warren's claim is frivolous. At trial, Detective Golphin testified that he participated in executing the search warrant and a black polo shirt was recovered. Although the prosecutor used the word "you" when asking her questions, we cannot interpret the detective's testimony as acknowledging that he actually found the shirt. The opposite is also true, while Detective Nordo certified that the affidavit listed all property seized pursuant to the search warrant, Detective Nordo does not state that he personally found the item. Rather these documents can be read as no more than a summary of what the officers who executed the search warrant jointly found as a result of the search. Thus, Warren's ineffectiveness claim fails.[5]

_____

[5] In a related claim, Warren asserts that "the Commonwealth had to be aware of the facts that they did not call Detective Nordo to testify at trial regarding the shirt seized by him because Detective Nordo [had] already been accused of misconduct and corruption in various other criminal homicide investigations and trials[.]" Warren's Amended Petition, 5/14/20, at 9-10. Although in his application for relief Warren asserts a "newly-discovered evidence" claim based on this fact, he has proffered no evidence that any such misconduct occurred in his case. *See, e.g., Commonwealth v. Foreman*, 55 A.3d 532, 537-38 (Pa. Super. 2012) (affirming denial of PCRA after-discovered evidence claim because police detective's subsequent misconduct would not lead to a

*(Footnote Continued Next Page)*

In his final claim of ineffectiveness raised in his *pro se* amended petition, Warren contends that trial counsel was ineffective for failing to consult with him prior to introducing "highly prejudicial, inflammatory, irrelevant, and inadmissible testimonial hearsay and prior bad acts evidence" on cross-examination of Ms. Perrin. To support this claim, Warren references trial counsel's questioning Ms. Perrin regarding an unrelated incident of domestic violence against Warren's girlfriend. *See* N.T. 11/23/15, at 177-78.

We have reviewed the pertinent testimony. When doing so, it is clear that trial counsel introduced this incident to suggest to the factfinder that Ms. Perrin changed the facts in her second statement because Ms. Perrin and Warren's girlfriend were close. Nevertheless, as noted above, in a waiver trial, the court is presumed to ignore prejudicial evidence. *Dent*, *supra*. Thus, Warren's final claim of trial counsel's ineffectiveness fails.

In sum, the sole ineffectiveness claim raised by *Betts* counsel is without merit. In addition, our review of the certified record permits us to consider and dismiss Warren's *pro se* ineffectiveness claims as meritless. Because all of Warren's ineffectiveness claims regarding trial counsel fail, so does his layered claim regarding *Betts* counsel.

Application for relief denied. Order affirmed.

---

different verdict; there was no nexus shown between the defendant's case and the misconduct that occurred two years later).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/11/2024