**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAVION DWAYNE ROMAN | : | |
| | : | |
| Appellant | : | No. 186 MDA 2025 |

Appeal from the Judgment of Sentence Entered January 8, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001842-2022

BEFORE: OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.:                    **FILED: MARCH 10, 2026**

Appellant, Javion Dwayne Roman, appeals from the judgment of sentence entered in the York County Court of Common Pleas, following his jury trial convictions for first degree murder, possession of firearm by a minor, firearms not to be carried without a license, and two counts of recklessly endangering another person.[1] We affirm.

The relevant facts and procedural history of this case are as follows. The Commonwealth charged Appellant with the aforementioned offenses in connection with the shooting of M.B. ("Victim"). Appellant retained private counsel to represent him. William Graff, Esquire, entered his appearance on Appellant's behalf on April 25, 2022. There were several procedural delays in Appellant's case due to pending motions. Specifically, Appellant filed a motion

---

[1] 18 Pa.C.S.A. §§ 2502(a), 6110.1(a), 6106(a), and 2705, respectively.

to transfer the matter to juvenile court because Appellant was 17 years old at the time of the shooting. Upon Appellant's request, the court ordered that Appellant undergo a psychological evaluation prior to ruling on the motion to transfer. After the evaluation was completed, the court conducted a hearing and denied Appellant's motion to transfer on March 13, 2023.

On April 17, 2023, Appellant requested a continuance to review further discovery, which the court granted. On June 19, 2023, Appellant requested another continuance for additional time to discuss a plea deal with the Commonwealth. Again, the court granted a continuance. The court scheduled a trial date certain to commence on February 12, 2024. On February 7, 2024, the Commonwealth filed a motion requesting a status hearing, informing the court that the shell casings involved in Appellant's case were a potential match to a gun recovered in another case. At the status hearing, Appellant requested that trial be continued pending the results of additional lab testing on the shell casings and the gun. The court granted Appellant's request. On June 6, 2024, the court scheduled a trial date certain to commence on October 21, 2024.

At a pretrial hearing on October 9, 2024, Attorney Graff informed the court that he was ready and prepared to proceed to trial, but Appellant wished to request a continuance so that he could hire another attorney. The court asked Appellant to state his reasons for his request. Appellant stated that he wanted to hire a new attorney but needed additional time to accumulate sufficient funds to do so. The court noted that Appellant had sufficient time to hire an attorney of his choice as his case had been pending for two and half

years, and denied Appellant's request for a continuance. On October 17, 2024, Appellant sent a handwritten motion to the court, asserting that Attorney Graff failed to: properly communicate with Appellant, provide Appellant with all relevant discovery, file any omnibus pretrial motions, and develop a strategic plan for trial. Appellant further alleged that Attorney Graff had behaved inappropriately with female members of Appellant's family.

On October 21, 2024, prior to jury selection, the court addressed Appellant's request. The court allowed Appellant to state his concerns regarding Attorney Graff's representation on the record. Appellant stated that he did not feel safe with Attorney Graff representing him and did not feel that he was prepared to proceed to trial that day. The court noted that Appellant had ample time to discuss his concerns with Attorney Graff, review the evidence, and prepare for trial. Appellant responded that Attorney Graff had not consistently met with Appellant to facilitate such preparation. The court specifically inquired whether Attorney Graff had met with Appellant and reviewed the case with him. Appellant acknowledged that Attorney Graff had done so but stated, "that was probably the only time since this year, ever." (N.T. Trial, 10/21/24, at 6).

The court then asked Attorney Graff to respond to Appellant's allegations. Attorney Graff stated that he had met with Appellant a number of times and discussed trial strategies with him. During these meetings, Appellant had provided conflicting directives on which trial strategy he wished to pursue. Nevertheless, Attorney Graff stated that he had reviewed the

discovery, reviewed the case with Appellant, and was prepared to proceed to trial. Attorney Graff further reported that he had sent Appellant all available discovery in a timely manner. Attorney Graff specified that he emailed the discovery in eight parts to Appellant on March 10, 2023 and March 11, 2023. This did not include the reports from the subsequent lab tests that were conducted. Attorney Graff emailed those reports to Appellant on October 14, 2024. The only discovery that Appellant had not received was a compilation of video footage that Attorney Graff had only received a few days prior to trial.

The court then stated that Attorney Graff was privately retained and Appellant could have fired him at any point if he was dissatisfied with Attorney Graff's representation. The court further noted that trial had been scheduled for a date certain since July 6, 2024. Appellant responded that he was unaware that trial was scheduled until the pretrial hearing on October 9, 2024. The court inquired of Attorney Graff whether he had met with Appellant since trial had been scheduled and Attorney Graff confirmed that he had. The court asked Appellant what steps he had taken to replace Attorney Graff. Appellant stated that he had been trying to procure enough funds to hire another attorney. The court inquired whether Appellant had applied for an attorney from the public defender's office if he felt that he was unable to afford another private attorney. Appellant acknowledged that he had not done so. The court ultimately denied Appellant's request for a continuance to find alternative counsel. The court informed Appellant that trial would commence that day and Appellant could elect to continue with Attorney Graff's representation or

proceed *pro se* with Attorney Graff as standby counsel. Appellant elected to have Attorney Graff represent him at trial.

At trial, the Commonwealth presented witness testimony and video evidence that Appellant fired multiple shots at Victim at a public park on March 23, 2022.[2] Victim sustained a gunshot wound to the head and died as a result. Appellant did not testify or present any witnesses in his defense. The jury found Appellant guilty of all charges. On January 8, 2025, the court sentenced Appellant to an aggregate term of 38½ years to life imprisonment. After acquiring new counsel, Appellant timely filed a notice of appeal on February 7, 2025. On February 11, 2025, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on March 4, 2025.

Appellant raises the following issue for our review:

> Did the [trial] court abuse its discretion in denying [Appellant's] request for a continuance to obtain new counsel for his trial on charges including first-degree murder, as the court fixated almost exclusively on the age of the case and moving forward denied [Appellant] the opportunity to obtain counsel of his choice and left him with irreconcilable differences with his counsel?

(Appellant's Brief at 4).

Appellant asserts that when he asked for a continuance two weeks prior to trial, the court focused solely on the length of time that the matter had

---

[2] The details of the evidence set forth at trial are not relevant to the issues on appeal. Therefore, we do not discuss them in detail here.

been pending without adequately considering the basis for Appellant's request. Appellant claims that the prior continuances in Appellant's case were for legitimate and reasonable grounds and should not have been held against Appellant. Appellant argues that the Commonwealth failed to articulate any reasons why a delay in the proceedings would have been prejudicial. Appellant contends that the court failed to properly consider Appellant's claims that Attorney Graff had not communicated with him, had not prepared adequately or developed a trial strategy. Appellant concludes that the court abused its discretion in denying his pre-trial and day-of-trial requests for a continuance, effectively depriving him of his Sixth Amendment right to counsel of his choice, and this Court must grant relief. We disagree.

"The matter of granting or denying a continuance is within the discretion of the trial court." ***Commonwealth v. Sandusky***, 77 A.3d 663, 671 (Pa.Super. 2013). "[T]rial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons." ***Id.*** (internal citation omitted). "Accordingly, a trial court exceeds its constitutional authority only when it exercises its discretion to deny a continuance on the basis of an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." ***Id.*** at 671-72 (internal citation and quotation marks omitted).

With respect to the right to counsel, the Supreme Court of Pennsylvania has stated:

> The right to counsel is guaranteed by both the Sixth Amendment to the United States Constitution and by Article I, Section 9 of the Pennsylvania Constitution. In addition to guaranteeing representation of the indigent, these constitutional rights entitle an accused "to choose at his own cost and expense any lawyer he may desire." ***Commonwealth v. Novak***, 395 Pa. 199, 213, 150 A.2d 102, 109, *cert. denied,* 361 U.S. 882, 80 S.Ct. 152, 4 L.Ed.2d 118 (1959). The right to "counsel of one's own choosing is particularly significant because an individual facing criminal sanctions should have great confidence in his attorney." ***Moore v. Jamieson****,* 451 Pa. 299, 307-08, 306 A.2d 283, 288 (1973).
>
> We have held, however, that the constitutional right to counsel of one's choice is not absolute. ***Commonwealth v. Robinson***, 468 Pa. 575, 592–93 & n. 13, 364 A.2d 665, 674 & n. 13 (1976). Rather, "the right of the accused to choose his own counsel, as well as the lawyer's right to choose his clients, must be weighed against and may be reasonably restricted by the state's interest in the swift and efficient administration of criminal justice." ***Id.*** at 592, 364 A.2d at 674 (internal quotations omitted). Thus, this Court has explained that while defendants are entitled to choose their own counsel, they should not be permitted to unreasonably "clog the machinery of justice or hamper and delay the state's efforts to effectively administer justice." ***Commonwealth v. Baines****,* 480 Pa. 26, 30, 389 A.2d 68, 70 (1978). At the same time, however, we have explained that "'a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality.'" ***Robinson***, 468 Pa. at 593-94, 364 A.2d at 675 (quoting ***Ungar v. Sarafite***, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964)).

***Commonwealth v. Prysock***, 972 A.2d 539, 541-42 (Pa.Super. 2009) (quoting ***Commonwealth v. McAleer***, 561 Pa. 129, 136-37, 748 A.2d 670, 673-74 (2000)).

A defendant's right to choose private counsel "must be exercised at a reasonable time and in a reasonable manner." *Commonwealth v. Rucker*, 563 Pa. 347, 350, 761 A.2d 541, 542-43 (2000) (citation and emphasis omitted). In evaluating a trial court's ruling on a motion for continuance to obtain private representation, this Court must consider the following factors:

> (1) whether the court conducted an extensive inquiry into the underlying causes of defendant's dissatisfaction with current counsel; (2) whether the defendant's dissatisfaction with current counsel constituted irreconcilable differences; (3) the number of prior continuances; (4) the timing of the motion for continuance; (5) whether private counsel had actually been retained; and (6) the readiness of private counsel to proceed in a reasonable amount of time.

*Commonwealth v. Broitman*, 217 A.3d 297, 300 (Pa.Super. 2019). Irreconcilable differences must be more than simply a "strained" relationship with counsel, lack of faith in counsel, a difference of opinion regarding trial strategy or a brevity of pretrial communications. *Commonwealth v. Floyd*, 937 A.2d 494, 497-98, 500 (Pa.Super. 2007). "Where … the defendant and his counsel offer competing contentions as to the readiness of defense counsel for trial, it is for the trial court to decide whose portrayal of defense counsel's degree of preparedness is more accurate." *Commonwealth v. Cook*, 597 Pa. 572, 612, 952 A.2d 594, 618 (2008).

Instantly, the court examined Appellant's reasons for wanting new counsel and found that a continuance was not warranted at such a late stage in the proceedings. In making this determination, the court did not solely focus on the length of the case but considered it as a significant factor in the

totality of the circumstances. At the pretrial hearing on October 9, 2024, the court inquired of Appellant why he wished to seek new counsel and Appellant reported that he was securing additional funds to acquire new counsel. In response, the court noted that the case had been pending for two and a half years and Appellant had more than adequate time to retain counsel of his choosing. *See Rucker, supra*; *Prysock, supra*.

On October 17, 2024, four days before trial was scheduled to begin, Appellant raised concerns about Attorney Graff's representation in a letter sent to the court. The court addressed these issues before jury selection. The court permitted Appellant to assert his claims on the record and Appellant reported that he did not feel Attorney Graff had adequately prepared for his trial. Upon further inquiry, Appellant acknowledged that Attorney Graff had met with him and reviewed the case with him. Further, Attorney Graff refuted Appellant's claims, stating that he had met with Appellant several times and reviewed the discovery and trial strategies with Appellant. Counsel further reported that he had sent Appellant all available discovery, specifying the dates on which he sent the files to Appellant. Although Attorney Graff acknowledged that the meetings with Appellant were often fruitless because Appellant wanted to pursue conflicting trial strategies, Attorney Graff reaffirmed to the court that he had reviewed Appellant's case thoroughly and was prepared to proceed to trial. The court credited Attorney Graff's statements and did not find that Appellant's concerns about Attorney Graff

amounted to irreconcilable differences.[3] *See Cook, supra*; *Floyd, supra*.

The court further found that other factors weighed against granting Appellant a continuance in the days before trial. *See Broitman, supra*. Specifically, the case had been pending for two and a half years, and Attorney Graff had been representing Appellant since its inception. The court had also granted Appellant several continuances, including one continuing a prior trial date certain. Regardless of the reasons for these continuances, Appellant had more than adequate time to retain alternate counsel if he was dissatisfied with Attorney Graff's representation. Nevertheless, Appellant did not inform the court until two weeks before trial of any dissatisfaction with Attorney Graff. The court also did not find credible Appellant's claim that he was unaware that trial had been scheduled because Attorney Graff confirmed that he had met with Appellant after the trial date certain was scheduled.

Additionally, Appellant failed to demonstrate that he had taken any significant steps towards acquiring alternate counsel. Appellant explained that he was attempting to gather sufficient funds to retain new counsel. Nevertheless, knowing that trial was scheduled and he did not have sufficient funds to retain alternate private counsel, Appellant failed to apply with the

---

[3] In his letter, Appellant also alleged that Attorney Graff had behaved inappropriately with female members of Appellant's family. While the court did not specifically inquire into this allegation, Appellant did not raise this issue or expound upon it when the court permitted Appellant to state his concerns regarding Attorney Graff on the record prior to jury selection. As such, there is no support for this claim on the record.

public defender's office to obtain its services. Based on the foregoing, the court concluded that Appellant was not entitled to a continuance to seek new counsel. On this record, we cannot say the court abused its discretion in denying Appellant's requests for a continuance. **See Broitman, supra**; **Sandusky, supra**. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 03/10/2026